# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDRE PEARSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. TYSON, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:12-cv-00256-LJO-SAB (PC)<br><br>**ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM (ECF No. 1)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE AS PREMATURE (ECF No. 7)**<br><br>THIRTY-DAY DEADLINE |

## I.

## SCREENING REQUIREMENT

Plaintiff Dondre Pearson is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed February 23, 2012, and a motion for service, filed March 26, 2012. (ECF Nos. 1, 7.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, who is paralyzed and wheelchair bound, is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison. Plaintiff brings this action against Correctional Lieutenant H. Tyson, Correctional Counselor II O. Smith, Associate Warden R. Grissom, and Chief Deputy Warden D. G. Adams alleged deliberate indifference to his conditions of confinement and violations of due process because he has not been assigned to single cell status. (Compl. §§ 8-11, 33, 36.)

Plaintiff states that on September 1, 2008, he was the victim of an attempted rape by his cell mate. (Id. at § 14.) On August 25, 2010, Plaintiff was beaten and nearly raped by his cell mate. (Id. at § 17.) On May 5, 2011, Plaintiff informed Dr. Stahl that his cell mate was pressing him to engage in homosexual activities and was taking Plaintiff's property whenever he felt like it. This information was relayed to Housing Officer Campbell; and Plaintiff requested to be placed on single cell status. (Id. at § 19.)

Plaintiff filed an administrative appeal on May 5, 2011, requesting to be placed on single cell status and advised Defendant Tyson thought the mail system of what had taken place. Defendant Tyson failed to respond to Plaintiff. (Id. at §§ 20, 21.) Plaintiff pursued his administrative grievance

through the directors level to no avail. (Id. at § 22.) Plaintiff alleges that Defendants are recklessly indifferent by housing inmates to handicapped cells with a handicapped individual and he has suffered from nightmares, nightsweats, flashbacks, and is in a constant state of terror and insecurity at the very thought of another inmate coming into his cell. (Id. at § 25.)

## III.

## DISCUSSION

### A.     Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

Plaintiff's factual allegations fall short of stating claims because Plaintiff fails to specifically link the individual defendants to any act or failure to act that violates his federal rights. Plaintiff will be given the opportunity to file an amended complaint curing these deficiencies, if he wishes to do so.

If Plaintiff files an amended complaint, his allegations need not and should not be lengthy. Plaintiff is required only to link the involved defendants to the violations at issue in this action. However, although brief, Plaintiff's allegations must be sufficient to demonstrate that a violation occurred and describe how each defendant was involved.

B.    **Deliberate Indifference**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff fails to set forth factual allegations to show that any named defendant was aware that he was at a substantial risk of serious harm and disregarded the risk. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). Plaintiff's sole factual allegation to link any named defendant to knowledge of a risk of harm is that he advised Defendant Tyson through the mail system of what had taken place and received no response. This is insufficient to show that Defendant Tyson was aware of any risk of harm to Plaintiff. Plaintiff has failed to state a cognizable claim for deliberate indifference against any named defendant.

C.    **Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson, 545 U.S. at 221. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996)

(quoting Sandin, 515 U.S. at 484).

Plaintiff does not have a general due process right not to have adverse decisions affecting his conditions of confinement. Meachum v. Fano, 427 U.S. 215, 225 (1976). Confining Plaintiff in a double cell is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan, 83 F.3d at 1088. Plaintiff does not have a liberty interest in being single celled.

Nor does the prison grievance procedure confer any substantive rights upon inmates, and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), and there is no liberty interest in a prison grievance procedure as it is a procedural right only, Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley, 997 F.2d at 495.

Finally, Plaintiff cannot state a cause of action under the Due Process Clause for loss of his property due to the actions of his cell mate who is not a state actor. Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) ("plaintiffs do not enjoy Fourteenth Amendment protections against private conduct abridging individual rights" (punctuation and citations omitted)). Plaintiff has failed to allege any facts from which it could be found that Plaintiff's cell mate was a state actor.

## IV.

## MOTION FOR SERVICE BY UNITED STATES MARSHAL

Plaintiff has also filed a motion to have the United States Marshal serve his complaint. (ECF No. 7.) Because Plaintiff is proceeding in forma pauperis, he is entitled to have process served on his behalf by the Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). However, as set forth in the Court's First Informational Order, the Marshal will be directed to initiate service of process only after Plaintiff's complaint has been screened and found to state cognizable claims for relief. 28 U.S.C. § 1915A; First Informational Order, ¶12, ECF No. 3. In this instance, Plaintiff's complaint has been screened and no cognizable claims have been found. Accordingly, Plaintiff's motion for service of the complaint shall be denied as premature.

///

V.

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed February 23, 2012, is DISMISSED for failure to state a claim upon which relief may be granted under section 1983;
3. Plaintiff's motion for service by the United States Marshal, filed March 26, 2012, is DENIED as premature;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be DISMISSED, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 8, 2013**                    /s/ **Stanley A. Boone**
                                              UNITED STATES MAGISTRATE JUDGE